IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>VS.<br><br>ROBERT L KING and MYTSOOKO KING<br><br>Defendants. | CIVIL NO: 2019-24<br><br>JURY TRIAL DEMANDED |

OPPOSITION TO GOVERNMENT'S
MOTION FOR SUMMARY JUDGMENT

Defendants, Robert L. King and Mytsooko King ("Defendants")[1], jointly oppose Plaintiff, United States of America's ("Government") motion for summary judgment. This opposition is made pursuant to Fed. R. Civ. P. 56(d), which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

"Rule 56(d) serves the valuable purpose of assuring that diligent litigants are assured a pre-ruling opportunity for fair discovery." *Snow v. United States*, 2014 WL 4384649, at *17 (M.D. Pa. Sept. 4, 2014) (citing *Dennis v. Osram Sylvania, Inc.*, 549 F.3d 851, 860 (1st Cir.2008)); *Bracy v. Pfizer, Inc.*, 2018 WL 2025294, at *3 (D.V.I. May 1, 2018) ("Because summary judgment presupposes the existence of an adequate

---

[1] Because both defendants share the same surname as husband and wife, this opposition refers to both parties by their given name along with their last name.

record."). "Where a nonmovant demonstrates that there are inadequate facts with which to respond to the movant's motion, the court may defer the consideration of the motion for summary judgment." *Bracy*, 2018 WL 2025294, at *3 (citing Fed R. Civ. P. 56(d)(1)). "[I]t is well established that a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007)). "Therefore, challenges to summary judgment pursuant to Rule 56(d) are **usually granted** '**as a matter of course**.'" *Id.* (quoting *St. Surin v. V.I. Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994) (internal quotations omitted)) (emphasis added).

It must first be noted that, Robert King, as evinced by the accompanying affidavit, does not deny that money is due and owed to the Government. Instead, he seeks only for the Government to account for monies paid either voluntarily or through government levy. In sum, he seeks adequate information justifying the Government's figures. Mytsooko King, on the other hand denies owing any amount of money to the Government on the basis that she was neither an owner of the business in question nor did she employ anyone. Her error was that she erroneously signed a return along with her husband.

What is patent is that, the counsel's trial schedule, the press of his legal practice, family illness and death, and the effects of Covid-19, acted in combination to seriously interfere with the completion of the discovery process, interfered with the ability to retain and obtain the assistance of an accountant and legal counsel and has impaired the ability of each defendant to present facts in opposition to the government's motion. The facts contained in the affidavits supporting the within response warrant the court to exercise its discretion to (1) defer considering the motion or deny it, (2) allow time to obtain affidavits

or declarations or to take discovery, or (3) issue any other appropriate order.

The delay requested will permit each defendant to retain the assistance of persons and to present facts supporting their individualized defenses to the claims. It will further permit the parties, both plaintiff and defendants, the opportunity, through the mediation process, to resolve the very issues before the court that will fully and completely dispose of this litigation. It is respectfully submitted that the interests of justice will best be served by an order granting the requested relief to the defendants.

Dated:      July 16, 2020

*/s/Robert L. King, Esq.*
ROBERT L. KING, ESQ.
KING LAW FIRM, P.C.
1212 Bjerge Gade
St. Thomas, Virgin Islands 00802
340-776-1014
V.I. Bar No. 188
Attorney for Defendants

*/S/ JUSTIN KING*
Virgin Islands Bar No. 2010
justin.king@clydeco.us
Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646
*Attorney for Defendant, Mytsooko King*

## **CERTIFICATE OF SERVICE**

I CERTIFY that on July 16, 2020, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Emily K. Miller, Esq.<br>U.S. Department of Justice<br>P.O. Box 227<br>Washington, D. C. 20044<br>emily.l.miller@usdoj.gov | Joycelyn Hewlett, Esq.<br>U.S. Department of Justice<br>Ron DeLugo Federal Building<br>Veterans Drive, St. Thomas<br>joycelyn.hewlett@usdoj.gov |

/s/*Robert L. King, Esq.*