IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 3:19-cv-00024-RAM-RM |
| v. | ) |
| ROBERT L. KING, *et al.*, | ) |
| Defendant. | ) |

**REPLY IN SUPPORT OF
UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, the United States of America, moved for summary judgment as to all Counts against all Defendants. Doc. No. 35. Defendants Robert King and Mytsooko King filed a joint response in opposition. Doc. No. 41. The United States hereby submits the following reply memorandum in support of its Motion. Because no genuine issues of material fact exist as to any of the Counts enumerated in the Complaint, summary judgment in favor of the United States is appropriate.

**Legal Background**

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of identifying the part of the record that indicates no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To survive the motion, the non-moving party must demonstrate specific facts that illustrate a genuine issue of material fact exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Mere allegations of some alleged factual dispute cannot defeat a motion for summary judgment. *Id*. at 248. Although the Court must review the evidence in the light most favorable to the non-moving

1

party, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id*. at 252. A factual dispute should only preclude the entry of summary if it might change the outcome of the suit. *Id*. To defeat a motion for summary judgment, the non-moving party must do more than point to "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party bears the initial burden of identifying portions of the record establishing an absence of a genuine issue of material fact. *Daubert v. NRA Group, LLC*, 861 F.3d 382, 390 (3rd Cir. 2017). The United States has done so here by establishing the tax liabilities of Robert King and Mytsooko King with account transcripts and a declaration from Revenue Officer Victor Reyes. Doc. No. 35. The burden then shifts to the Kings, as non-movants, to designate facts, which show a genuine issue for trial. *Daubert*, 861 F.3d at 390 (citing *Celotex*, 477 U.S. at 324); Fed. R. Civ. P. 56. The Defendants here have failed to meet this burden.

An "assessment" is a formal determination by the Internal Revenue Service that a taxpayer owes the United States a certain amount of unpaid taxes. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). An assessment is entitled to a legal presumption of correctness, establishing a *prima facie* case of a tax liability. *Id*. (citing, *inter alia*, *Psaty v. United States*, 442 F.2d 1154, 1160 (3d Cir. 1971)); *see also United States v. Taylor*, 757 F. App'x 194, 196 (3d Cir. 2018). Thus, the taxpayer "bears both the burden of production and the ultimate burden of persuasion to demonstrate by a preponderance of the evidence that the tax assessment is erroneous." *Taylor*, 757 F. App'x at 196–97 (citing *Psaty*, 442 F.2d at 1160).

### The Court Should Grant the United States' Motion for Summary Judgment

**I. There is no genuine issue of material fact as to Count I regarding the unpaid balance of the self-employment taxes assessed against Robert L. King, and the Court should grant summary judgment in favor of the United States.**

The Service assessed self-employment taxes individually against Robert L. King for the tax years 1998, 2000, 2001, 2002, 2005, 2006, 2007, and 2008.  Doc. No. 35-4 at ¶ 14; Doc. No. 35-5 (*Robert King Account Transcripts*).  These assessments are presumed correct.  *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002).  Mr. King does not contest these assessments; rather he argues that he has paid some of them.  Doc. No. 41 at 2.  However, Mr. King has failed to provide any evidence to suggest that the balances asserted by the United States are incorrect.  *See, generally,* Doc. No. 41.  He does not identify which balances he believes are incorrect.  *Id*.  He alleges that he made voluntary payments, but did not provide amounts or dates of such payments.  *Id*. at 2.  He suggests that the United States failed to account for payments levied, but does not identify dates or amounts for such levies.  *Id*.

To survive a motion for summary judgment, Mr. King must provide more than mere allegations or denials.  Fed. R. Civ. P. 56(e)(2); *see also Stewart v. Union Cty. Bd. of Educ.*, 655 F. App'x 151, 155 (3d Cir. 2016).  Without additional evidence, these statements alone are insufficient.  *See, e.g., Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, AFL-CIO*, 982 F.2d 884, 890–91 (3d Cir. 1992); *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992).  In fact, Mr. King concedes that he does not have the "facts essential to justify [his] opposition to the government's motion for summary judgment."  Doc. No. 41-1 at ¶ 7.  Thus, without evidence to the contrary, the United States has met its burden under Rule 56 to demonstrate that Mr. King owes the United States $204,699.66 in federal self-employment tax

liabilities as of March 9, 2020. *Trap Rock Indus.*, 982 F.2d at 890 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

As to Count I, there is no genuine dispute of material fact. Mr. King was self-employed by the Law Offices of Robert L. King. *See generally*, Doc. No. 35-11 (*Robert King Discovery*). As a resident of the Virgin Islands, he was required to pay self-employment taxes to the United States. 26 U.S.C. §§ 1401, 1402(b), 6017. The Service properly assessed self-employment taxes against Mr. King and provided him with notice of these assessments and demand for their payment. Doc. No. 35-4 at ¶¶ 9–14; Doc. No. 35-5 (*Robert King Account Transcripts*). Because he has not paid those assessments, Mr. King owes the United States $204,699.66 in federal self-employment income tax liabilities as of March 9, 2020.

**II. There is no genuine issue of material fact as to Count II regarding the unpaid balance of the self-employment taxes assessed against Robert L. King and Mytsooko King, and the Court should grant summary judgment in favor of the United States.**

Because Robert King and Mytsooko King filed joint returns, the Service jointly assessed self-employment taxes against them for the tax years 2009, 2010, 2011, and 2012. Doc. No. 35-4 at ¶¶ 17 and 22; Doc. No. 35-6 (*Robert King and Mytsooko King Account Transcripts*). These assessments are presumed correct. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Mr. King does not contest these assessments; rather he argues that he has paid some of them. Doc. No. 41 at 2. Ms. King maintains that she does not owe these taxes at all. *Id*.

A. <u>Tax Assessments as to Mr. King</u>

As is true for Count I, there is no genuine dispute of material fact as to the tax assessments against Robert King alleged in Count II. Mr. King does not include any evidence to support that the assessments made by the Service or the current balances owed for tax years 2009 through 2012 are in any way erroneous. Doc. No. 35-10 (*Robert King Discovery Responses*);

4

Doc. No. 41. He does not identify which balances he believes are incorrect. *Id*. He alleges that he made voluntary payments, but did not provide amounts or dates of such payments. *Id*. at 2. He suggests that the United States failed to account for payments levied, but does not identify dates or amounts for such levies. *Id*.

Mr. King has only alleged that the amounts are incorrect, but without evidence, these statements alone are insufficient. *See, e.g., Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, AFL-CIO*, 982 F.2d 884, 890–91 (3d Cir. 1992); *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). To survive a motion for summary judgment, Mr. King must provide more than mere allegations or denials. Fed. R. Civ. P. 56(e)(2); *see also Stewart v. Union Cty. Bd. of Educ.*, 655 F. App'x 151, 155 (3d Cir. 2016).

For Count II, as against Mr. King, there is no genuine dispute of material fact. Mr. King was self-employed by the Law Offices of Robert L. King. *See generally*, Doc. No. 35-11 (*Robert King Discovery*). As a resident of the Virgin Islands, he was required to pay self-employment taxes to the United States. 26 U.S.C. §§ 1401, 1402(b), 6017. The Service properly assessed self-employment taxes against Mr. King and provided him with notice of these assessments and demand for their payment. Doc. No. 35-4 at ¶¶ 9–14; Doc. No. 35-6 (*Robert King and Mytsooko King Account Transcripts*).

B. <u>Tax Assessments as to Ms. King</u>

Ms. King "denies owing any amount of money to the Government." Doc. No. 41 at 2. The Service assessed the self-employment taxes against Ms. King by virtue of her filing status: Ms. King filed joint tax returns with Mr. King, who was subject to self-employment taxes. Doc. No. 35-11 (*Robert King Discovery Responses*) at 35–107.

Generally, spouses who file a joint tax return are jointly and severally liable for the full amount owed.  26 U.S.C. § 6013(d)(3); *Rubel v. Comm'r of Internal Revenue*, 856 F.3d 301, 303 (3d Cir. 2017); *Purificato v. Comm'r of Internal Revenue*, 9 F.3d 290, 293 (3d Cir. 1993).  Mr. King is liable for these taxes because he was self-employed during the tax periods at issue.  *See, supra,* Section II.A.1.  Ms. King admits she filed a joint return with Mr. King.  Doc. No. 41 at 2.  Ms. King, by filing a joint return with Mr. King, subjected herself to joint and several liability for these taxes.  26 U.S.C. § 6013(d)(3).  She has offered no facts to suggest that the Service improperly assessed taxes against her.  *See*, Doc. No. 8; Doc. No. 35-12 (*Mytsooko King Discovery Responses*); Doc. No. 41 at 2.  Nor has she alleged, much less provided evidence to show, that she would be eligible for relief from such joint liability.  *Id*.  Instead, she has offered only conclusory statements that she is not jointly liable.  *Id*.  These bare legal assertions are insufficient to defeat a motion for summary judgment here.  Fed. R. Civ. P. 56(e)(2); *see also Stewart v. Union Cty. Bd. of Educ.*, 655 F. App'x 151, 155 (3d Cir. 2016).  Ms. King has failed to provide any evidence to demonstrate to the Court a genuine issue of material fact as to her joint liability, and therefore, the United States has met its burden under Rule 56.  *Id.*; *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, AFL-CIO*, 982 F.2d 884, 890–91 (3d Cir. 1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Because neither Mr. King nor Ms. King have not paid those assessments, Mr. King and Ms. King jointly owe the United States $76,927.24 in federal self-employment income tax liabilities for tax years 2009 through 2012 as of March 9, 2020.

**III. There is no genuine issue of material fact as to Count III regarding the employment taxes assessed against Robert L. King, and the Court should grant summary judgment in favor of the United States.**

The Service assessed FICA and FUTA taxes individually against Robert L. King for various tax periods between 2007 and 2017. Doc. No. 35-4 at ¶ 29; Doc. No. 35-7 (*Account Transcripts*). These assessments are presumed correct. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). As is the case with the self-employment taxes, Mr. King does not contest the FICA and FUTA assessments; rather he argues that he has paid some of them. Doc. No. 41 at 2; *see also* Doc. No. 35-10 at 12–13.

Again, Mr. King has failed to provide any evidence to suggest that the balances asserted by the United States are incorrect. *See, generally,* Doc. No. 41. He does not identify which balances he believes are incorrect. *Id*. He alleges that he made voluntary payments, but did not provide amounts or dates of such payments. *Id*. at 2. He suggests that the United States failed to account for payments levied, but does not identify dates or amounts for such levies. *Id*. He has produced no records to suggest the assessment amounts were incorrect or documentation to prove the taxes themselves were improperly assessed. *See generally*, Doc. No. 35-10 (*Robert King Discovery Responses*). Thus, he has not met his burden of demonstrating that the tax assessments or the balances owed are erroneous. *United States v. Taylor*, 757 F. App'x 194, 196–97 (3d Cir. 2018) (citing *Psaty v. United States*, 442 F.2d 1154, 1160 (3d Cir. 1971)).

Mere allegations that the tax assessments are incorrect do not establish a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Accordingly, as Mr. King has failed to provide evidence to suggest the assessments are incorrect, the United States is entitled to summary judgment against Mr. King for unpaid FICA taxes assessed for the relevant tax periods (tax periods ending June 30, 2007, through March 31, 2012; March 31,

2013, through September 30, 2013; March 31, 2014; June 30, 2014; and December 31, 2014 through September 30, 2017) as well as the unpaid FUTA taxes assessed for tax years 2009 through 2016. Because he has not paid the assessments, Mr. King owes the United States $391,218.57 in federal employment taxes as of March 9, 2020.

**IV.** **There is no genuine issue of material fact as to Count IV regarding the civil penalties assessed against Robert L. King, and the Court should grant summary judgment in favor of the United States.**

Summary judgment is appropriate as to Count IV because no genuine dispute of material fact exists regarding Mr. King's civil penalty assessments. Mr. King is the sole proprietor of the Law Offices of Robert L. King and at all times relevant to this matter had employees. Doc. No. 9 at ¶ 1 (admitting allegations contained in Doc. No. 1 at ¶ 4); Doc. No. 35-4 at ¶ 23; Doc. No. 35-9 (*Entity Data for the Law Offices of Robert L. King*); Doc. No. 35-10 (*Robert King Discovery Responses*) at 13 (in response to Interrogatory No. 4, "the Law Offices of Robert L. King was the business entity in existence at that time a sole proprietorship"). As an employer, Robert King is required to file Wage and Tax Statements, commonly known as Forms W-2, with the Internal Revenue Service to report his employees' wages and withheld taxes. 26 U.S.C. § 6051; 26 C.F.R. § 31.6051-1. When Mr. King failed to timely file Forms W-2 on behalf of his employees, the Service assessed civil penalties against him pursuant to 26 U.S.C. § 6721. Doc. No. 35-4 at ¶¶ 34 and 38; Doc. No. 35-8 (*Civil Penalty Transcripts*).

Mr. King disputes none of these assertions. Doc. No. 41. Instead, he continues to argue, without evidence, that the asserted balances owed on the assessments are incorrect. *Id*. He alleges that he made voluntary payments, but did not provide amounts or dates of such payments. *Id*. at 2. He suggests that the United States failed to account for payments levied, but does not identify dates or amounts for such levies. *Id*.

8

The presumption of correctness afforded to the Service's assessment of taxes also extends to the assessment of a statutory penalty. *Psaty v. United States*, 442 F.2d 1154, 1159 (3d Cir. 1971). The burden of proof required of the taxpayer to demonstrate that an assessment is erroneous applies equally to assessments of statutory penalties. *Id.*; *see also United States v. Taylor*, 757 F. App'x 194, 196–97 (3d Cir. 2018). Mr. King has failed to meet this burden. He claims the amounts owed are incorrect, but again, provides no substantive evidence. Doc. No. 41. These vague statements are "merely colorable," and are "not significantly probative" in order to establish a genuine dispute of material fact. *Trap Rock Indus., Inc. v. Local 825, Intern. Union of Operating Engineers, AFL-CIO*, 982, F.2d 884, 890–91 (3d Cir. 1992) (quoting *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). To survive a motion for summary judgment, Mr. King must provide more than mere allegations or denials, and he has failed to do so. Fed. R. Civ. P. 56(e)(2); *see also Stewart v. Union Cty. Bd. of Educ.*, 655 F. App'x 151, 155 (3d Cir. 2016).

Thus, no genuine dispute of material fact exists: Mr. King was required to timely file Forms W-2 for his employees and failed to do so. 26 U.S.C. § 6051; 26 C.F.R. § 31.6051-1. The Service properly assessed civil penalties against Mr. King pursuant to 26 U.S.C. § 6721, and summary judgment is appropriate as to Count IV. Because he has not paid the assessments, Mr. King owes the United States $21,448.13 in civil penalties as of March 9, 2020.

### V. Defendants' requests for relief pursuant to Rule 56(d) should be denied, as the Defendants have failed to provide good cause for such relief.

Finally, Defendants' response opposes summary judgment pursuant to Rule 56(d). Doc. No. 41. Courts generally grant *properly* filed requests for discovery pursuant to Rule 56(d), particularly if there are outstanding discovery requests or if the relevant facts are under control of the party moving for summary judgment. *In re Avandia Mktg., Sales and Prods. Liab. Litig.*,

945 F.3d 749, 761 (3d Cir. 2019).  Parties seeking relief under Rule 56(d) must indicate the need for discovery, the material facts the party seeks to uncover, and reasons why the party has not previously discovered the information.  *Dinnerstien v. Burlington Cty. Coll.*, 764 F. App'x 214, 217 n.1 (3d Cir. 2019) (quoting *Radich v. Goode*, 886 F.2d 1391, 1393–94 (3d Cir. 1989)).

Defendants do not allege sufficient reasons as to why they have not previously discovered the requested information.  Defendants indicate they need additional discovery to retain an accountant.  Doc. No. 41-1 at ¶ 3; Doc. No. 41-2 at ¶ 8.  They also request "the opportunity to submit discovery requests to the Government and to take appropriate depositions of necessary parties to this action."  Doc. No. 41-2 at ¶ 7.  However, Defendants were aware that they would require an accountant, discovery requests, and depositions in this matter nearly a year before the United States filed a motion for summary judgment.  Doc. No. 16 at 2 (Defendants' Discovery Memorandum, filed July 11, 2019).  The affidavits submitted in support of their Rule 56(d) motion do not attempt to explain why Defendants have not previously sought this information.  Doc. No. 41-1; Doc. No. 41-2.  Therefore, the Court should deny Defendants' Rule 56(d) requests.

Instead, Defendants suggest they were unable to conduct discovery because of an onerous trial schedule beginning in October 2019 and continuing through January 2020, as well as due to the delays caused by the ongoing COVID-19 pandemic.  Doc. No. 41-1 at ¶¶ 18–29; Doc. No. 41-2 at ¶¶ 24–36.  None of this is new information.  Defendants were aware of their trial schedule during the Rule 26(f) and initial Rule 16 conferences.  Doc. No. 16.  The Court ordered fact discovery in this matter to be completed by November 29, 2019, well before the COVID-19 pandemic began.  Doc. No. 18 at 1.  The Court also ordered experts to be identified on or before February 28, 2020.  *Id*.  At no point before either of these deadlines did the Defendants move to

amend the Trial Management Order. Now, after the United States has filed a timely motion for summary judgment, Defendants raise these issues for the first time. They have failed to provide a sufficient rationale for their failure to previously discover this information, as required by Rule 56(d), and thus the Court should deny this relief. *Dinnerstien v. Burlington Cty. Coll.*, 764 F. App'x 214, 217 n.1 (3d Cir. 2019) (quoting *Radich v. Goode*, 886 F.2d 1391, 1393–94 (3d Cir. 1989)).

## **Conclusion**

There is no genuine issue of material fact in this matter. While both Mr. King and Ms. King dispute the balances owed here, neither have provided substantive evidence sufficient to support their bare assertions. Furthermore, Defendants have failed to meet their burden for relief pursuant to Rule 56(d). Summary judgment in favor of the United States is therefore appropriate.

Dated: July 22, 2020                                          Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*s/ Emily K. Miller*
EMILY K. MILLER
KY Bar #97725
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-353-7509 (v)
Emily.K.Miller@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Robert L. King, Esq.**
The King Law Firm, P.C.
1212 Bjerge Gade Ste. 102
P.O. Box 9768
St. Thomas, Virgin Islands 00801
340-776-1014 (v)
340-774-5299 (f)
rlking@attyking.com
*Counsel for Defendant Robert King*

**Justin Elias King**
Clyde & Co, LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
305-446-2646 (v)
305-441-2374 (f)
Justin.King@clydeco.us
*Counsel for Defendant Mytsooko King*

            *s/ Emily K. Miller*
            EMILY K. MILLER
            Trial Attorney
            United States Department of Justice, Tax Division